UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS W. KIBUNGUCHY,<br>　　　　Petitioner,<br>　v.<br>SMY SHNIDER, et al.,<br>　　　　Respondents. | Case No. 19-cv-07950-VC (PR)<br><br>**ORDER OF TRANSFER** |

　　　　Chris W. Kibunguchy, a California inmate incarcerated at the California Medical Facility located in Vacaville, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The allegations in the petition appear to be attempting to state civil rights claims against personnel at the California Medical Facility. Whether this filing is considered to be a habeas petition or a civil rights complaint, it must be transferred to the Eastern District of California.

　　　　A federal petition for a writ of habeas corpus made by a person in custody under the judgment and sentence of a state court is properly filed in either the district of confinement or the district of conviction. 28 U.S.C. § 2241(d). The district court where the petition is filed may transfer the petition to the proper district in the furtherance of justice. *Id*. Federal courts in California traditionally have chosen to hear petitions challenging a conviction or sentence in the district of conviction. *Dannenberg v. Ingle*, 831 F. Supp. 767, 767 (N.D. Cal. 1993).

　　　　According to the petition, Kibunguchy is in custody pursuant to the ruling of the Solano County Parole Board, which lies within the venue of the Eastern District of California. 28 U.S.C. § 84(b). Thus, the proper venue for the habeas petition lies in the Eastern District, not

in this district.

If this filing is construed as a civil rights complaint, the challenged conduct occurred at the California Medical Facility, where Kibunguchy is confined. When jurisdiction is not founded solely on diversity, venue is proper in the district in which (1) any defendant resides, if all of the defendants reside in the same State, (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b). Because the alleged unconstitutional acts occurred in Vacaville, which is in the Eastern District of California, venue properly lies in the Eastern District. *See* 28 U.S.C. § 1391(b).

Pursuant to 28 U.S.C. § 1406(a) and Habeas L.R. 2254-3(b), and in the interest of justice, the Clerk of the Court is ordered to TRANSFER this action to the United States District Court for the Eastern District of California.

All pending motions are TERMINATED on this Court's docket.

**IT IS SO ORDERED.**

Dated: February 28, 2020

_____
VINCE CHHABRIA
United States District Judge